## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

AARON RAMOS

    Plaintiff,                           CIV-11-620

Vs.

VILLAGE OF RUIDOSO, a New Mexico Municipal
Corporation and JONAS PROCTOR, individually
And in his capacity as a Village of Ruidoso
Police Officer

## COMPLAINT

COMES NOW the Plaintiff Aaron Ramos, by and through counsel of record,

J. ROBERT BEAUVAIS P.A., by J. Robert Beauvais, attorney and for his cause

would show the court:

### I. *INTRODUCTION*

Plaintiff Aaron Ramos (herein Ramos) complains of violation of his

constitutional rights protected by the Fourth and Fourteenth Amendments to the

United States Constitution and actionable under 42 USC 1983 as a result of the

application of excessive force by a uniformed police officer. Plaintiff further

complains the unconstitutional acts of Defendants violate the New Mexico Tort

Claims Act.

### II. *PARTIES, JURISDICTION AND VENUE*

1.      Plaintiff Ramos is and was at all times material a resident of Lincoln County and this district.

2.      Defendant Village of Ruidoso is body corporate and politic authorized by the Constitution and laws of the State of New Mexico and is a person within the meaning of 42 USC Section 1983.

3.      The Defendant municipality is sued through its duly elected legislative board of trustees having the statutory power to sue and be sued in the name of the municipality.

4.      Defendant Jonas Proctor is and was at all times material a resident of this District and a commissioned full time law enforcement officer employed by the Village of Ruidoso. Defendant Proctor is sued officially and in his individual capacity.

5.      This action presents a federal question and jurisdiction is conferred on the federal court for the District of New Mexico pursuant to 28 USC 1331 and 1343.

6.      Pendant or ancillary jurisdiction on the state claim is authorized by 28 USC Section 1367.

7.      Venue is proper in the District of New Mexico as the residency of all parties and situs of the unconstitutional acts.

### III.   *FACTS GIVING RISE TO THE CLAIM*

8.      On May 23, 2010 at approximately 12:10 A.M., Village of Ruidoso Police Officers, including Defendant Proctor, were dispatched to a residence in the Village in regards to a disturbance in progress call.

9.      Upon arriving at that location the Village of Ruidoso Police officers identified Plaintiff Ramos and a female identified as Kelly Christensen.

10.     Ramos and Christensen advised they had been in the residence and, at that time, had been assaulted by three individuals.

11.     Evidence at the scene indicated one or more of the assailants had been injured and was bleeding.

12.     During the course of the investigation, Ruidoso Police Officers learned that Ramos was on conditions of release from the Magistrate Court. The condition being Ramos was to have no contact with Christensen.

13.     Upon information and belief, Village of Ruidoso police officers called a Lincoln County magistrate judge who authorized Ramos' arrest without a warrant.

14.     Ramos was transported by Proctor in his patrol unit to the Ruidoso Police Department sallyport prior to further transport to the Lincoln County Detention Facility.  At all times material, Ramos had been seized in his person for purposes of the Fourth Amendment to the United States Constitution.

15.     While Ramos was exiting the rear of Proctor's police unit, and in full view of a video surveillance camera, Proctor slammed the handcuffed Ramos against his

police unit and threw him to the ground.   At all times material, Proctor was acting under color of law.

16.    Ramos reported the assault by Proctor to a detective assigned to Ruidoso Police Department who took a statement from Ramos and took photographs of the injuries.

17.    Upon information and belief, Proctor was never reprimanded or corrected for his unconstitutional and illegal acts.

18.    Village of Ruidoso has a custom policy and practice of violating the constitutional rights of suspects and other persons in its custody, including assaults on handcuffed suspects without provocation or justification.

19.    Defendants violated Plaintiff Ramos' constitutional rights by the use of excessive force, assault and battery at a time when Ramos was securely handcuffed and defenseless.

20.    Under the circumstances, as presented, Proctor had no objectively reasonable basis to assault and batter Plaintiff Ramos. Ramos was arrested for violating his conditions of release and was not facing new charges; Ramos posed no immediate or reasonable threat to Proctor because he was in handcuffs, and Ramos was not actively resisting arrest.

21.     The illegal acts of Defendants violated the constitutional rights held by all persons, including Ramos, under the Fourth and Fourteenth amendments to the United States Constitution.

22.     Ramos has been damaged as a result of injuries suffered by him, by the unconstitutional acts of Defendants in an amount to be proven at trial.

23.     The acts of Defendant Proctor were an intentional constitutional violation and serve as a basis for a further award of punitive damages in his individual capacity.

24.     Ramos is entitled to his reasonable costs and attorney fees as provided by 42 USC 1988.

### COUNT II. – VIOLATION OF 42 USC §1983
### (FAILURE TO TRAIN OR SUPERVISE)

25.     The allegations of this complaint are realleged and incorporated by reference as if fully set forth.

26.     The unconstitutional acts of Defendant Proctor are the direct and proximate result of the Village of Ruidoso's willful indifference to the constitutional rights of persons within its custody and control.

27.     Village of Ruidoso and its uniformed police officers have a documented policy and practice of intentional constitutional violations, including use of excessive force on handcuffed suspects on the part of the employer, Village of Ruidoso.

28.     Defendant Village of Ruidoso has failed to provide sufficient training of the type which would forestall or prevent continuing constitutional violations.

29.     Plaintiff has been damaged in an amount to be proven at trial.

30.     Plaintiff is entitled to his reasonable attorney fees and costs.

## *COUNT II- VIOLATION OF NEW MEXICO TORT CLAIMS ACT*

31.     The allegations of this complaint are realleged and incorporated by reference as if fully set forth.

32.     Ramos satisfied the statutory condition precedent by his notice of claim with the Village of Ruidoso within 90 days of the events giving rise to the claim.

33.     The New Mexico Tort Claims Act expressly waives sovereign immunity for conduct of police officers and impose liability for personal injury, assault, battery, or deprivation of rights, privileges, and immunities secured by the laws and Constitution of the United States. See Section 41-4-12 at NMSA 1971.

34.     The acts of Defendants, as set forth, state a claim for excessive force including assault, battery and violation of constitutional rights.

35.      Proctor had a duty to act in an objectively reasonable manner towards defenseless, handcuffed suspects and breached that duty by using excessive force against Ramos.

36.     Ramos was injured and his damages were the proximate cause of the breach of duty by Proctor.

37.    Ramos is entitled to his proven damages and costs of suit.

38.     A jury trial on all counts is requested.

WHEREFORE, Plaintiff prays the court to find the violation of constitutional rights actionable under 42 USC 1983, award damages and punitive damages against Proctor, award reasonable attorney fees and costs of suit; and for such other and further relief as to the court appears just and proper.

Respectfully Submitted:

J. Robert Beauvais, P.A.


  */s/ J. Robert Beauvais*
J. Robert Beauvais
P.O. Box 2408
Ruidoso, New Mexico 88345
(575) 257-6321