**UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO**

**AARON RAMOS,**

       **Plaintiff,**

**v.**                                  **No. CIV-11-00620 LAM/WPL**

**VILLAGE OF RUIDOSO, a New Mexico
Municipal Corporation and JONAS
PROCTOR, individually and in his capacity
as a Village of Ruidoso Police Officer,**

       **Defendants.**

## DEFENDANT VILLAGE OF RUIDOSO'S ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW Defendant Village of Ruidoso, by and through its attorneys of record, Atwood, Malone, Turner & Sabin, P.A., by Bryan Evans, Carla Neusch Williams and Barbara Smith-Duer and, for its Answer to Plaintiff's Complaint, states:

## FIRST DEFENSE

1.    This defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in the Complaint's "Introduction", as well as Paragraphs 1, 9, 10, 11, 12, 13 and 14 of Plaintiff's Complaint, and therefore denies same.

2.      This defendant admits the material allegations contained in Paragraphs 2, 5, 6 and 38 of Plaintiff's Complaint.

3.      This defendant denies the material allegations contained in Paragraphs 3, 18, 19, 21, 22, 24, 26, 27, 28, 29, 30, 32, 34, 35, 36 and 37, as well as Plaintiff's prayer for relief.

4.      The material allegations contained in Paragraphs 4, 8, 15, 16, 17, 20 and 23 of Plaintiff's Complaint do not appear to be directed to this defendant, thus requiring no response from it.   To the extent any of the material allegations contained in said Paragraphs may be directed to this defendant, they are denied.   Furthermore, this defendant notes that, to its knowledge, understanding, information and belief, Village of Ruidoso Police Officer Jonas Proctor was not the officer involved in the actions which appear to form the basis of Plaintiff's Complaint.

5.      In answer to Paragraph 7 of Plaintiff's Complaint, this defendant admits that venue for this case is proper in the Federal District of New Mexico, and otherwise denies the material allegations of said Paragraph.

6.      In response to Paragraph 25 of Plaintiff's Complaint, this defendant restates each of its responses to Paragraphs 1 – 24 of Plaintiff's Complaint, as though fully set forth herein.

7.      In response to Paragraph 31 of Plaintiff's Complaint, this defendant restates each of its responses to Paragraphs 1 – 31 of Plaintiff's Complaint, as though fully set forth herein.

8.      The information contained in Paragraph 33 of Plaintiff's Complaint is a mere expression of law, thus requiring no response from this defendant.  To the extent any response to the information contained in said paragraph may be required of this defendant, this defendant denies the paragraph.

9.      Any material allegations contained in Plaintiff's Complaint not specifically addressed by the preceding responses are hereby denied by this defendant.

## SECOND DEFENSE

10.     Under the principles of comparative fault and several liability, this defendant is only responsible for its proportionate share of negligence or fault, if any.

## THIRD DEFENSE

11.     Plaintiff may have failed to mitigate his damages.

## FOURTH DEFENSE

12.     This defendant believed in good faith that its actions were lawful, and such belief was reasonable, thereby entitling it to qualified immunity.

## FIFTH DEFENSE

13.     Any claims Plaintiff purports to set forth under New Mexico common law are subject to all of the rights, obligations, defenses, limitations, caps and immunities set forth in the New Mexico Tort Claims Act, NMSA 1978 §§41-4-1 et seq.

## SIXTH DEFENSE

14.     To the extent Plaintiff purports to assert any claim under New Mexico common law, the New Mexico Tort Claims act bars any claims for exemplary/punitive damages and/or attorneys fees.

## SEVENTH DEFENSE

15.     To the extent Plaintiff purports to assert any claim under New Mexico common law, such claims are subject to the damages cap of the New Mexico Tort Claims Act.

## EIGHTH DEFENSE

16.     Plaintiff's Complaint fails, in one or more respects, to state a claim upon which relief may be granted.

## NINTH DEFENSE

17.     Plaintiff may have failed to give proper and timely notice under the New Mexico Tort Claims Act.

## TENTH DEFENSE

18.     To the extent Plaintiff purports to assert any claim under New Mexico common law, there is no waiver of sovereign immunity under the New Mexico Tort Claims

Act for claims against this defendant, and the doctrine of sovereign immunity bars Plaintiff's claims against this defendant.

19.     This defendant reserves the right to raise and assert additional affirmative defenses as their applicability may be revealed through ongoing investigation and discovery.

**JURY DEMAND**

This defendant demands a trial by jury on all issues so triable.

**WHEREFORE**, having fully answered Plaintiff's Complaint, this defendant prays that Plaintiff's Complaint be dismissed with prejudice, that Plaintiff take nothing thereby, that this defendant recover its taxable costs incurred, including attorneys fees if applicable, and for such other and further legal and equitable relief as the Court may deem just and proper.

Respectfully submitted,

ATWOOD, MALONE, TURNER & SABIN, P.A.

By  **Electronically Filed on 09/26/11**
       Bryan Evans
       Carla Williams
       Barbara Smith-Duer
       Post Office Drawer 700
       Roswell, NM 88202-0700
       (575) 622-6221
*Attorneys for Defendant Village of Ruidoso*

## CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2011, I filed the foregoing electronically through the CM/ECF system, which caused Plaintiff's counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

**Electronically Filed on 09/26/11**
Bryan Evans