# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

**AARON RAMOS,**

      **Plaintiff,**

**v.**                                  **No. CIV-11-00620 MCA/WPL**

**VILLAGE OF RUIDOSO, a New Mexico**
**Municipal Corporation and MATT**
**CHRISTIAN, individually and in his capacity**
**as a Village of Ruidoso Police Officer,**

      **Defendants.**

## JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN

Pursuant to Fed. R. CIV. P. 26(f), a meeting was held on December 1, 2011 and was attended by:

| | |
|---|---|
| J. Robert Beauvais, Esq. | Bryan Evans |
| J. Robert Beauvais, PA | Atwood, Malone, Turner & Sabin, P.A. |
| *Counsel for Plaintiff* | *Counsel for Defendants* |
| P.O. Box 2408 | P.O. Drawer 700 |
| Ruidoso, NM 88345 | 400 N. Pennsylvania Ave #1100 |
| Phone: (575) 257-6321 | Roswell, NM 88202-0700 |
| Fax: (575) 257-7011 | Phone: (575) 622-6221 |
| | Fax:  (575) 624-2883 |

## NATURE OF THE CASE

This case arises from an incident occurring on May 23, 2010.  On that date, Plaintiff was arrested on a charge of being in violation of his conditions of release from Lincoln County Magistrate Court.  Plaintiff was transported by Ruidoso Police Department Officer Matt Christian, in his patrol unit, to the Ruidoso Police Department.  While in the garage/sallyport area of the police department, as Plaintiff was being escorted out of the back of Officer Christian's patrol unit, a physical altercation ensued between Plaintiff and Officer Christian.

1

Plaintiff filed suit in Federal court, alleging violation of Plaintiff's constitutional rights, excessive force, assault, battery, and municipal liability for failure to train or supervise.

## AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES

Plaintiff intends to file:  Unknown at this time.

Plaintiff should be allowed until December 31, 2011 to amend the pleadings and to join additional parties without leave of Court or Defendants' consent.

Defendants intend to file:      Unknown at this time.

Defendants should be allowed until January 31, 2012 to amend the pleadings and to join additional parties without leave of Court or Plaintiff's consent.

## STIPULATIONS

The parties hereto stipulate and agree that venue is properly laid in this District and that the United States District Court for the District of New Mexico has jurisdiction of the parties and the subject matter.

The parties are willing to further stipulate to the following facts:  Any facts admitted in Defendants' Answer to Plaintiff's Amended Complaint.

The parties further stipulate and agree that the law governing this case is:  The law governing civil rights claims made pursuant to 42 U.S.C. §1983, and the New Mexico Tort Claims Act.

## PLAINTIFF'S CONTENTIONS:

Plaintiff Aaron Ramos was arrested in connection with a criminal investigation conducted by the Village of Ruidoso Police Department.  Ramos was arrested for violation of a condition of release.

Ramos was cuffed and transported in a RPD patrol unit by Defendant and Ruidoso Police Department Officer, Matt Christian.  Upon arrival in the sally port, Christian grabbed the handcuffed Ramos and threw him to the ground.  The assault by Defendant was unprovoked and without justification.

Defendant Christian stated in his report Ramos "exited quickly and advanced forward toward me in an aggressive manner."  The video tape of the incident directly controverts Christian's version of the events.

The Supreme Court has articulated a three part test to evaluate excessive force claims; i.e. 1) the severity of crime at issue; 2) whether the suspect possess an imminent threat; and 3) whether the suspect is actively resisting arrest.

In this case, Ramos was charged with violating a condition of release and was arrested on an ex parte order from a state magistrate judge.  He is depicted on videotape exiting the patrol unit in handcuffs and being immediately accosted and taken down by defendant Christian. Ramos suffered injuries which were documents shortly after the assault.

## DEFENDANTS' CONTENTIONS

Defendants deny, generally, Plaintiff's allegations, and rely upon each of the affirmative defenses raised in their Answer to Plaintiff's Amended Complaint.

Defendants acted reasonably in dealing with Plaintiff on May 23, 2010.  Plaintiff charged aggressively at Officer Christian as Plaintiff was being escorted out of Officer Christian's patrol unit, placing Officer Christian in fear for his own safety.  Defendant Officer Christian believed his actions in responding to Plaintiff's actions were lawful, and such belief was reasonable, thereby entitling him to qualified immunity.  Defendants deny that Plaintiff was assaulted or battered, or that his constitutional rights were violated.  Defendants deny that Officer Christian was improperly trained or supervised.  As to Plaintiff's New Mexico common law claims, Defendants are entitled to all of the rights, obligations, defenses, limitations, caps and immunities set forth in

–3–

the New Mexico Tort Claims Act.  Specifically, Defendants contend that Plaintiff failed to give proper and timely notice of his state law claims, under the Tort Claims Act.

## PROVISIONAL DISCOVERY PLAN

The parties jointly propose to the Court the following discovery plan:

List all witnesses who, at this time, you think will either testify or be deposed, giving their name, title, address and a brief summary of their testimony.  It is insufficient to list witnesses' addresses, save for clients, "in care of counsel."

List all documents which you believe, at this time, will be exhibits at the trial.

List all experts who you believe, at this time, will testify at the trial, giving their name, address, area of expertise and a brief summary of the anticipated testimony.

**WITNESSES:**

**For Plaintiff:**

1.  Aaron Ramos, c/o J. Robert Beauvais, P.O. Box 2408, Ruidoso, New Mexico 88345.

Mr.  Ramos is expected to testify concerning the events that give rise to his complaint**.**

2.  Detective Arthur Nelson, Ruidoso Police Department, 1085 Mechem Drive, Ruidoso, New Mexico  88345.

Detective Nelson is expected to testify about the events giving rise to Plaintiff's Complaint.

3.  Any witness discovered through written discovery.

4.  Any witness disclosed by Defendants.

**Plaintiff intends to obtain the following discovery:**

Written and deposition discovery of Defendant Matt Christian

**For Defendants:**

Plaintiff Aaron Ramos, c/o his counsel, Robert Beauvais.  It is expected that Mr. Greenwalt would have knowledge and information concerning the incident giving rise to his complaint, as well as his alleged damages.

Defendant Matt Christian, c/o his counsel, Atwood, Malone, Turner & Sabin, P.A., P.O. Drawer 700, Roswell, NM  88202-0700.  It is expected that Officer Christian would have information concerning the incident giving rise to Plaintiff's complaint.

Kelly Christensen, address unknown.  Ms. Christensen is believed to be an acquaintance of Plaintiff, and was with Plaintiff the night of the incident giving rise to this complaint.

Detective Arthur Nelson, Ruidoso Police Department, 1085 Mechem Drive, Ruidoso, New Mexico  88345.  Detective Nelson interviewed Plaintiff following the incident giving rise to Plaintiff's complaint, and has information, from Plaintiff, concerning that incident.

Corporal Lance Chavez, Ruidoso Police Department, 1085 Mechem Drive, Ruidoso, New Mexico  88345.  Corporal Chavez conducted the investigation of the underlying incident leading to Plaintiff's arrest, and has information concerning Plaintiff.

Sergeant Jonas Proctor, Ruidoso Police Department, 1085 Mechem Drive, Ruidoso, New Mexico  88345.  Sergeant Proctor assisted in the investigation of the underlying incident leading to Plaintiff's arrest, and has information concerning Plaintiff.

Any person who witnessed the events of May 23, 2010.

Any person identified by any other party.

Any person identified in the course of discovery.

Any person necessary to lay a foundation for admission of exhibits.

There may be others, of whom Defendants are not presently aware.  Defendants reserve the right to supplement this list as investigation and discovery continues.

**EXHIBITS**

**Plaintiff's Exhibits:**

1. Video Tape from incident
2. Complete Police Investigation File
3. Any Exhibit disclosed through discovery
4. Any Exhibit disclosed by Defendants

**Defendants' exhibits:**

Videotape from incident

Videotape from post-incident interview of Plaintiff

Photos of Plaintiff

Ruidoso Police Department incident report, with supplements

Plaintiff's attempted Tort Claims Notice

Records from Lincoln County Detention Center

Plaintiff's medical records

Defendants reserve the right to supplement this list as additional exhibits may be identified.

**EXPERTS:**

**Plaintiff's Experts**
Unknown at this time

**Defendants' Experts**

Unknown at this time.

Discovery will be needed on the following subjects, including but not limited to:

Plaintiff:        All issues pertaining to the incident that gives rise to Plaintiff's complaint.

Defendants:  All issues pertaining to Plaintiff's allegations and alleged injuries and damages.

**Interrogatories**

Maximum of 25 interrogatories by each party to any other party.  (Responses due 30 days after service).

**Requests for Production**

Maximum of 25 requests for production by each party to any other party.  (Responses due 30 days after service).

**Requests for Admission**

Maximum of 25 requests for admission by each party to any other party.  (Response due 30 days after service).

**Depositions**

Maximum of 7 depositions by Plaintiff and 7 by Defendants.  Each deposition is limited to a maximum of 7 hours unless extended by agreement of parties.

**Expert Reports**

Reports from retained experts under Rule 26(a)(2) due:

1.  From Plaintiff by May 1, 2012.

2.  From Defendants by June 1, 2012

Supplementation under Rule 26(e) due as required by Federal Rules of Civil Procedure and local district rules.

**Discovery Deadline**

All discovery commenced in time to be complete by June 30, 2012.

Other Items:  None

## PRETRIAL MOTIONS

Plaintiff intends to file: At this time Plaintiff has not made a determination as to what, if any, pretrial motions they intend to file.

Defendants intend to file:     Unknown at this time.

## ESTIMATED TRIAL TIME

The parties estimate trial will require three to four days.

\_\_\_\_    This is a non-jury case.

X       This is a jury case.

The parties request a pretrial conference 30 days before trial.

## SETTLEMENT

The prospects of settlement of this case are unknown at this time, pending completion of initial discovery.

## EXCEPTIONS

(Where counsel cannot agree to any recitation herein, exceptions shall be listed.)

APPROVED WITH EXCEPTIONS
(note exceptions above)

Approved:

For Plaintiff:
J. Robert Beauvais, Esq.
J. Robert Beauvais, PA
P. O. Box 2408
Ruidoso, NM 88345
Phone: (575) 257-6321
Fax: (575) 257-7011

9

For Defendants:
Bryan Evans
Carla Neusch Williams
Barbara Smith-Duer
Atwood, Malone, Turner & Sabin, P.A.
P.O. Drawer 700
400 N. Pennsylvania Ave #1100
Roswell, NM 88202-0700
Phone: (575) 622-6221
Fax:  (575) 624-2883


Electronically filed on 12-09-11_____